IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LAURA STEWART, et al.            :        CIVIL ACTION
                                 :
          v.                     :
                                 :
JEREMY MOLL, et al.              :        NO.  07-1085

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

On April 24, 2008, during the deposition of Officer Wesley Wilcox, an officer involved in the shooting that is the basis for this Section 1983 case, defense counsel objected to questions posed to the deponent, regarding his social security number and contact information for family members to whom he had spoken about the shooting. I asked counsel to submit letter briefs on their respective positions on counsel's objections.  Defense counsel's brief was due on May 2, 2008, and Plaintiffs' counsel's brief was due on May 9,  2008.

On May 2, 2008, I received Defendants' letter brief, in which counsel asserted that the request for social security numbers and contact information for family members to whom the officer had spoken about the incident were made of both Officer Wilcox and Officer Jeremy Moll, the other officer directly involved in the shooting.  On May 15, 2008, while holding a teleconference with counsel to discuss outstanding discovery issues, Plaintiffs' counsel advised me that he had not responded to defense counsel's letter brief because he was awaiting the deposition transcripts to include in his

response.  At that point, I directed that any response to the Defendants' letter brief be filed by May 23, 2008.  No response was filed.

While I was conducting a telephonic conference with counsel on Wednesday, May 27, Plaintiffs' counsel again referred to his outstanding response and said that he would stay late to finish it and have it electronically filed.  On Thursday, May 28, with no response filed, I issued an Order sustaining Defendants' objections to the requests.  Several hours later, my staff was contacted by a staff member at the office of Plaintiff's counsel, inquiring about the status of our fax machine.  My staff directed Plaintiff's counsel to email the fax to my office.  The fax included a response to the letter brief dated May 28, and a facsimile cover sheet failure notice dated May 29, at 1:23 p.m. No deposition testimony, which was the original basis upon which counsel relied for his late filing, was attached to the letter.

As stated, based on Plaintiff's counsel's failure to respond to the letter motion, I ruled that the Defendants' objections were sustained.  Therefore, I will construe Plaintiffs' letter brief as a Motion for Reconsideration of that Order. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985).  A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to

2

prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d

Cir.1999).  Here, there has been no intervening change in the law and Plaintiff's counsel

has presented no new evidence.  Rather, for the first time, he argues the merits of his

position.

        The defense asserts a privacy interest in the officers' social security

numbers.  Defense counsel relies on several cases, outside this district, in which the

courts found that social security numbers are confidential and not subject to disclosure, or

that they are subject to disclosure with restrictions specifically narrowing the use of the

information to its need.  Defendants' Letter Brief, at 2 (citing E.E.O.C. v. Univ. of

Phoenix, 2007 WL 1302578, at *4 (D.N.M. Apr. 10, 2007); Entral Group Int'l, LLC v.

YHCL Vision Corp., 436 F.Supp.2d 404, 406 ( E.D.N.Y 2006)).

        Plaintiffs respond that they need the officers' social security numbers in

order to conduct a background check.  Plaintiffs' Letter Brief, at 1.  Employing a "what's

good for the goose, is good for the gander" argument, Plaintiffs' counsel argues that

Defendants "no doubt, have conducted various searches . . .  utilizing [Plaintiffs'] social

security numbers."  Plaintiffs' Letter Brief, at 1.  Plaintiffs' counsel also argues that he

has offered to enter a confidentiality agreement providing that disclosure of this

information would be shared with only the background researcher.  Thus, counsel

believes he has specified a particularized need for the information and tailored disclosure

to that need.

It is clear from my research that social security numbers are considered "sensitive information."  University of Phoenix, 2007 WL 1302578, at *4.  Many of the cases addressing the propriety of disclosing social security numbers arise when the numbers are requested to locate missing witnesses, and the courts are reluctant to compel such production when other identifying information is available.  See e.g., McDougal-Wilson v. Goodyear Tire and Rubber Co., 232 F.R.D. 246, 252 (E.D.N.C. 2005).  I therefore agree with Defendants that Plaintiffs must establish a particularized need for the information as well as safeguard its dissemination.

Plaintiffs assert that the social security numbers are needed to perform background searches.  However, there has been no assertion that the information which Defendants have already produced is insufficient to allow Plaintiffs to conduct such a search.  Moreover, Plaintiffs have failed to show how such a background check would disclose information regarding the officers' performance of their public duties.  I therefore conclude that Plaintiffs are not entitled to discovery of this information, despite the offer of limited disclosure.  I find support for this conclusion in an opinion of the Honorable Richard P. Conaboy in our sister district.  See Veteto v. Miller, 829 F.Supp. 1486, 1495 (M.D. Pa. 1992) (refusing to require disclosure of prison guards' social security numbers in discovery phase of  Bivens action).

With respect to the contact information for the officers' family members, Defendants argue that the courts have found "that information relating to a party's family

4

is confidential, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence." Defendants' Letter Brief, at 2.   Plaintiffs argue that such information is essential because these officers spoke to their family members prior to being questioned by the department or being counseled by their F.O.P. representatives. Plaintiffs' Letter Brief, at 2.   I agree with Plaintiffs' counsel that these witnesses likely have relevant information to this case.  Thus, the cases cited by the defense, in which such personal information for family members was found irrelevant, are inapposite.

In considering Plaintiffs' request and Defendants' objection, I must weigh the need for the witnesses' contact information with the non-parties' right to privacy.  See Johnson v. City of Philadelphia, No. 94–1429, 1994 WL 612785, at * 10 (E.D. Pa. Nov. 7, 1994).  In his letter brief, Plaintiffs' counsel states that "Plaintiffs have the right to subpoena each of [these witnesses] and question them about what they were told by the named Defendants."  Plaintiffs' Letter Brief, at 3.  Thus, it is clear that Plaintiffs' goal is to question these witnesses.

During a telephonic conference, defense counsel offered to produce his clients' family members for deposition and to accept service on their behalf.   This would allow Plaintiffs to obtain the information they need, but not through the means sought.  I conclude that accepting defense counsel's offer to produce these witnesses and accept

service on their behalf strikes the correct balance between the need for the information

and the privacy interests of the individuals.  See Johnson, 1994 WL 612785, at *10.[1]

An appropriate Order follows.

---

[1]In light of previous difficulties scheduling depositions, Plaintiffs' counsel is directed to provide a list of the witnesses he seeks to depose (by name or relationship, as identified at the officers' depositions) no later than Wednesday, June 4, 2008.  We will discuss the scheduling of these depositions during the telephonic conference previously scheduled for Thursday, June 5, 2008, at 12:30 p.m.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAURA STEWART, et al.          :          CIVIL ACTION
                               :
            v.                 :
                               :
JEREMY MOLL, et al.            :          NO.  07-1085

**O R D E R**

AND NOW, this   30th      day of     May                    , 2008, upon

consideration of the Letter Brief of Plaintiffs' Counsel, construed as a Motion for

Reconsideration of the Court's earlier Order sustaining Defendants' objection to certain

questions posed during depositions, IT IS HEREBY ORDERED that the Motion for

Reconsideration is GRANTED IN PART and DENIED IN PART.  Defendants do not

need to disclose their social security numbers.  No later than Wednesday, June 4, 2008,

Plaintiffs' counsel shall provide the court with a list of the witnesses he seeks to depose,

identifying them by name or by relationship as they were identified at the officers'

depositions.  The court will discuss the scheduling of these depositions during the

teleconference previously scheduled for Thursday, June 5, 2008, at 12:30 p.m.


                              BY THE COURT:



                              /s/Elizabeth T. Hey
                              _____
                              ELIZABETH T. HEY
                              UNITED STATES MAGISTRATE JUDGE