IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA STEWART, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OFFICER JEREMY MOLL, et al. | : | NO.  07-1085 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                                    July 31        , 2008

    Defendants have filed a Motion for Sanctions in this civil rights suit based on the failure of Plaintiffs and Plaintiffs' counsel to attend a settlement conference scheduled by the undersigned.  Plaintiffs' counsel has failed to respond to the motion. Because this is the second time Plaintiffs have failed to attend a court-ordered settlement conference, I will grant Defendants' motion.

    I have been involved in this case since May 2, 2007, when the Honorable James Knoll Gardner referred it for a settlement conference and asked that I handle all discovery disputes pursuant to his Standing Order.  See Doc. 3.  I first held a settlement conference on October 10,  2007, at which I required the senior attorneys and the parties to appear in person.  See Doc. 17.  All required were in attendance; Mr. Karoly with his clients Laura and Tonya Stewart, and Mr. Wieand with Deputy City Solicitor Denks.  I scheduled a second settlement conference for March 25, 2008, after the completion of additional discovery.  In the Order scheduling the conference, I again required the attendance of the senior attorneys and their clients, this time directing that City Solicitor Snyder attend for the defense.  See Doc. 25.  Despite this mandate, Mr. Karoly's clients

failed to attend the conference. Mr. Karoly explained that his office forwarded the order to his clients, but did not inform them that their attendance was required.

Thereafter, I became involved in the scheduling of depositions and resolving discovery disputes. I scheduled a third settlement conference for May 29, 2008, after the depositions of the critical witnesses had been completed. See Doc. 27. On April 18, 2008, I held a telephonic conference with counsel to discuss the scheduling of several depositions and the rescheduling of the settlement conference due to a conflict in the court's calendar. During that telephonic conference, the settlement conference was rescheduled for Wednesday, May 28, 2008, at 9:30 a.m. On April 21, 2008, I issued an Order scheduling the conference for that date. See Doc. 31. The Order again required the senior attorney for each side to attend the conference, and specifically required the presence of Laura and Tonya Stewart and Solicitor Snyder. In addition, each side was to fax a confidential settlement memorandum to my chambers at least four business days prior to the conference, updating me on any changes in settlement position based upon the depositions.

In the interim, the court had contact with counsel on numerous occasions regarding discovery issues, including the scheduling of depositions and resolution of objections to questions during depositions. During this time, Mr. Karoly repeatedly mentioned the difficulty in scheduling anything because he was preparing for a three-week trial before the Honorable Lawrence Stengel of this court. During a teleconference

on May 16, 2008, I instructed counsel to be prepared to schedule the remaining depositions in the case at the May 28 settlement conference.

On May 27, 2008, my staff contacted Mr. Karoly's office, leaving a message requesting Mr. Karoly to fax the settlement memorandum required by my April 21 Order. No settlement memorandum was received from Plaintiffs. On the morning of May 28, Mr. Wieand and Solicitor Snyder arrived promptly for the settlement conference. Mr. Karoly and his clients did not appear. When it became apparent that Mr. Karoly was not merely tardy, my staff contacted Judge Stengel's office to ensure that Mr. Karoly was not somehow tied up in the trial, and learned he was not. My staff then contacted Mr. Karoly's office and was informed that Mr. Karoly was appearing before the Honorable Edward Reibman of the Court of Common Pleas of Lehigh County.

After dismissing defense counsel and Solicitor Snyder, I received a call from Mr. Karoly who apologized and explained that he had instructed his staff to send letters to the court and Mr. Wieand asking to reschedule the conference. Obviously, neither Mr. Wieand nor the court received such a letter and the court has yet to receive such correspondence.

On June 10, 2008, Mr. Wieand filed a Motion for Sanctions, seeking an award of $2,482.77. This amount represents the time he and Mr. Snyder spent traveling

to and from Philadelphia and attending the aborted conference on May 28, their related expenses, and the time spent preparing the motion.[1]  Mr. Karoly has not responded.

Federal Rule of Civil Procedure 16 governs the pretrial management cases in the federal courts.  Rule 16 also provides for sanctions when counsel, a party, or both fail to abide by the orders of the court or fail to appear at a scheduling or other pretrial conference.  The Third Circuit has discussed the purpose, scope and breadth of the rule.

> Rule 16 governs the scheduling and management of pretrial conferences.  The purpose of the rule is to provide for judicial control over a case at an early stage in the proceedings.  The preparation and presentation of cases is thus streamlined, making the trial process more efficient, less costly, as well as improving and facilitating the opportunities for settlement.  Accordingly, Rule 16(a) provides that the court may, in its discretion, direct the attorneys or parties to appear before it for pre-trial conferences "for such purposes as . . . facilitating the settlement of the case."  If a party fails to obey a scheduling or pretrial order, or fails to participate in good faith in a scheduling or pretrial conference, a judge "may make such orders with regard thereto as are just" and require the offending party "to pay reasonable expenses incurred because of noncompliance with this rule . . . unless the judge finds that the noncompliance was substantially

---

[1]Mr. Wieand has submitted an affidavit in support of the motion, enumerating the costs and fees requested.  Mr. Wieand and Solicitor Snyder spent 4.7 hours traveling to and from and attending the aborted settlement conference.  Mr. Wieand's billing rate is $ 295 per hour and Solicitor Snyder's hourly rate is $ 22.59 as Solicitor to the City of Allentown, for a total of $ 1,386.50 and $106.17, respectively.  In addition, Mr. Wieand spent .8 hours reviewing and revising the sanctions motion, for a total of $ 236.  Mr. Wieand's associate prepared the motions sanction, spending 3.4 hours at a rate of $ 200 per hour for a total of $ 680.  Finally, Mr. Wieand's costs in traveling to and parking in Philadelphia were $74.10.  Thus, the total costs and fees associated with the Defendants' attendance at the conference and filing this motion is $ 2,482.77.

>  justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). Thus, Rule 16 authorizes the courts to require parties to attend conferences for the purpose of discussing settlement and impose sanctions if they fail to participate in good faith.

Newton v. A.C. & S., 918 F.2d 1121, 1126 (3d Cir. 1990).

Relying on this Rule, the judges of this district and our sister districts have imposed sanctions based upon an attorney's failure to attend a settlement conference or abide by the order scheduling the conference. See Univ. of Pittsburgh v. Varian Med. Sys., Inc., 07-491, 2008 WL 1774115 (W.D. Pa. Apr. 17, 2008) (Schwab, J.) (denying motion for reconsideration of sanctions imposed for failure to participate in settlement conference in good faith); Karhuta v. Boardwalk Regency Corp., 06-4902, 2007 WL 2825722, at *3 (E.D. Pa. Sept. 27, 2007) (Perkin, M.J.) (sanctions imposed for failing to participate in settlement conference in good faith); Miller v. Unum Life Ins. Co. of America, 05-177, 2006 WL 30000962, at *1 (E.D. Pa. Oct. 19, 2006) (Hart, M.J.) (sanctions imposed for failure to attend court ordered settlement conference).

Here, Mr. Karoly has exhibited a pattern of neglecting the responsibilities placed on him by this court with respect to settlement. The Stewarts failed to attend the March 25 conference as ordered. Mr. Karoly explained that his staff failed to inform them that they were required to attend, even though the order is quite clear in requiring that they attend. Mr. Karoly and his clients then failed to attend the May 28 settlement conference at issue in this motion. He explained in a later telephone call that he asked his

staff to fax a letter asking to reschedule the conference. Neither the court nor defense counsel has ever seen such a letter, and obviously Mr. Karoly did not receive leave of the court not to attend. Mr. Karoly has yet to respond to the present sanctions motion despite the passage of more than a month.

      Mr. Karoly lays the blame for his failures at the feet of his staff and on his busy schedule. However, his failure to attend the settlement conference which is the basis for Defendants' motion is inexcusable. My law clerk spoke with his secretary the day before the conference, asking Mr. Karoly to provide a settlement memorandum to the court. At no time during that conversation was there any mention of Mr. Karoly's plan to attend a proceeding in Lehigh County the next day or any letter that had been prepared, requesting that my settlement conference be postponed. I realize that counsel is in a small and apparently busy law firm. However, that does not absolve him of his responsibility to manage his calendar and abide by the court's orders. His failure to do so has caused this court and his opposition in this case to waste time and resources.

      Rule 16(f) requires the court to impose fees and costs incurred as a result of noncompliance with Rule 16. The requirement is tempered if the "noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). Because Mr. Karoly, to the extent he has offered any explanation, has laid the blame for the failures to attend on his own office and not on his clients, to impose any sanction on the Stewarts, personally, is not justified. Thus, the sanctions I impose are imposed on Mr. Karoly alone.

Defense counsel has requested $2,482.77, representing the time he and Solicitor Snyder spent traveling to and from and attending the aborted conference, the expenses incurred, and the time spent preparing the Motion for Sanctions. The amount of time and rate submitted by defense counsel seem reasonable, considering the distance they had to travel and his over 30 years at the bar. Plaintiffs' counsel has submitted no opposition to the motion arguing that the fees and costs are unreasonable.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA STEWART, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OFFICER JEREMY MOLL, et al. | : | NO.  07-1085 |

**O R D E R**

AND NOW, this  31st   day of July, 2008, upon consideration of the Defendants' Motion for Sanctions, and after review of the record in this case and Federal Rule of Civil Procedure 16, IT IS HEREBY ORDERED that the Motion is GRANTED. Plaintiffs' counsel is sanctioned in the amount of $ 2,482.77 for his and the Plaintiffs' failure to attend court-ordered settlement conference on May 28, 2008.  Plaintiff's counsel shall personally pay to Defendants a sanction in the amount of $2,482.77 within ten days of the entry of this Order.

BY THE COURT:

 /s/ Elizabeth T. Hey
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE